## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**vs.**

**D-1 Sameerah Marrell, aka
"Sameerah Anderson," aka
"Sameerah Pickette," aka
"Crème,"aka "Loren Boyd,"**

**Defendant.**

_____/

Case No.
Case: 2:22−cr−20419
Hon. Stephen J. Murphy, III
MJ: Altman, Kimberly G.
Filed: 8/10/2022
INF USA V MARRELL (LH)

**Violations:**
Ct. 1: 18 U.S.C. § 1341
Ct. 2: 18 U.S.C. § 1343
Ct. 3: 18 U.S.C. § 3147(1)

**Offenses:**
Ct. 1: Mail Fraud
Ct. 2: Wire Fraud
Ct. 3: Bond Offense

# *I N F O R M A T I O N*

*THE UNITED STATES ATTORNEY CHARGES:*

## COUNT ONE
### D-1 Sameerah Marrell
### (18 U.S.C. § 1341: Mail Fraud)

1.    Beginning about March 27, 2014 and continuing through at least April 27, 2022, in the Eastern District of Michigan and elsewhere, D-1 Sameerah Marrell, aka "Sameerah Anderson," aka "Sameerah Pickette," aka "Crème," aka "Loren Boyd" [MARRELL], defendant, did, having devised a scheme to defraud and to obtain money from the United States Department of

Treasury and various state government treasuries by means of material false and fraudulent pretenses and representations, and for the purpose of executing that scheme, knowingly cause items to be delivered by the United States Postal service according to the directions thereon, and cause the transmission of writings, signs and signals by means of wire and radio transmission in interstate commerce;

2. The object of the scheme to defraud and to obtain money by material false and fraudulent pretenses and representations was to obtain money from the United States Department of Treasury and from various state governments by submitting false and fraudulent tax returns to the Internal Revenue Service [I.R.S.] and to various state tax departments, claiming tax refunds to which she and the entities in whose names the returns were submitted were not entitled;

3. It was part of the scheme that MARRELL would file and cause the filing of 122 false and fictitious Forms 1041 (Income Tax Returns for Estates and Trusts), both by mail and by wire transmission, seeking $13,690,341 in bogus, purported "refunds" from the I.R.S. to which neither she, the entities in whose names the returns were submitted, nor any of her accomplices were entitled;

**4.**     It was also part of the scheme that these 122 Forms 1041 contained various false and material assertions of fact, most notably that the I.R.S. had withheld large amounts of income tax from the trusts purportedly filing the returns and that those trusts were therefore entitled to large refunds when, in fact, the I.R.S. had withheld nothing from these trusts and MARRELL, her accomplices and the trusts were entitled to no refunds of any kind;

**5.**     It was also part of the scheme that MARRELL would request that certain refunds be sent by mail, or be directly electronically wired from the I.R.S. into various bank accounts created and controlled by MARRELL and her accomplices, causing either the use of the United States mail or the transfer of signals in interstate commerce;

**6.**     It was further part of the scheme that MARRELL obtained $5,539,049 from the I.R.S. through the method described above, which she would convert to her own use and distribute to various accomplices;

**7.**     It was also part of the scheme that MARRELL would file and cause the filing of false and fictitious state income tax forms in the names of various estates and trusts in various states, including Minnesota, Georgia, Maryland, Arizona, and Colorado, claiming at least $14,730,365

in tax refunds to which she and the entities in whose names the returns were submitted were not entitled because those states had never collected any taxes from MARRELL or the entities whose names she used, contrary to express material false statements contained in the income tax returns;

8.     It was also part of the scheme that MARRELL obtained at least $5,697,351 from the states of Minnesota, Georgia, Maryland, Arizona and Colorado based on false and fraudulent income tax returns filed there;

9.     On or about August 12, 2017, in the Eastern District of Michigan, MARRELL, for the purpose of executing the above-described scheme, knowingly caused an item to be delivered by the United States Postal Service according to the direction thereon, more specifically, an envelope containing a false 2016 Form 1041 trust tax return in the name of "Lucid Event Promotions Trust" addressed to the I.R.S., which requested a fictious "refund" from the I.R.S. in the amount of $1,780,114.00, all in violation of Section 1341 of Title 18 of the United States Code

### COUNT TWO
### D-1 Sameerah Marrell
### (18.S.C. § 1343: Wire Fraud)

10.   Paragraphs One through Eight of Count One are included in this count;

11.   On or about April 20, 2022, in the Eastern District of Michigan,

MARRELL, for the purpose of executing the above-described scheme,

caused the interstate transmission of signals, specifically, the electronic

filing of a false 2021 Form 501 in the name of "TODDS CLEANING CO

TRUST" with the state of Georgia, all in violation of Section 1343 of

Title 18 of the United States Code.

### COUNT THREE
### D-1 Sameerah Marrell
### (18 U.S.C. § 3147: Committing an Offense While on Bond)

12.   Paragraphs One through Eleven are included in this Count;

13.   MARRELL was on release pursuant to an order dated

May 12, 2021 from the United States District Court for the Eastern District

of Michigan, Case No. 20-mj-30432, which order notified MARRELL of

the potential effect of committing an offense while on pretrial release;

14.   On or about April 20, 2022, in the Eastern District of Michigan and

elsewhere, while she was under supervision pursuant to the order

described in the paragraph immediately above, MARRELL committed

the offense of wire fraud as more fully described in Count Two above,

all in violation of Sections 1343 and 3147(1) of Title 18 of the United

States Code.

DAWN N. ISON
United States Attorney

s/John K. Neal
Assistant United States Attorney
Chief, White Collar Crimes Unit

s/Craig A. Weier (P33261)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9678
craig.weier@usdoj.gov

August 10, 2022

6

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cover Sheet** | **Case Number**<br>2:22−cr−20419 |
|---|---|---|

**NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.**

| **Companion Case Information** | **Companion Case Number:** 22-20337 |
|---|---|
| This may be a companion case based upon **LCrR 57.10 (b)(4)[1]**: | **Judge Assigned:** Linda Parker |
| ☒ **Yes**        ☐ **No** | **AUSA's Initials:** |

**Case Title:** USA v. ___D-1 Sameerah Marrell, aka  Sameerah Anderson___

**County where offense occurred :** ___Wayne___

**Check One:**        ☒ **Felony**                ☐ **Misdemeanor**                ☐ **Petty**

___Indictment/___Information --- **no** prior complaint.
___Indictment/ ✓ Information --- based upon prior complaint [**Case number:** 20-mj-30432        ]
___Indictment/___Information --- based upon **LCrR 57.10 (d)** *[Complete Superseding section below]*.

## Superseding Case Information

**Superseding to Case No:** _____        **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

___August 10, 2022___
Date

s/Craig Weier _____
Craig Weier
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone: (313) 226-9678
Fax:    (313) 226-2873
E-Mail address: Craig.Weier@usdoj.gov
Attorney Bar #:

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.