United States District Court
Eastern District of Michigan
Southern Division

United States of America,

          Plaintiff,                         Case No. 22-20419

v.                                   Hon. Linda V. Parker

Sameerah Marrell,
_____/

## Government's Response in Opposition to Defendant's Motion for Compassionate Release (ECF.78)

On January 11, 2023, Sameerah Marrell (Marrell) pleaded guilty to Mail Fraud, Wire Fraud, and Committing an Offense While on Bond in violation of 18 U.S.C. §§ 1341, 1343, and 3147 respectively. The charges and the plea arose from a scheme which began in March 2022. During that time, Marrell and other accomplices conspired to defraud the Internal Revenue Service (IRS) and the state treasuries of Minnesota, Georgia, Maryland, Arizona, and Colorado, by filing and causing the filing of 122 false and fictitious Form 1041 (Income Tax Returns for Estates and Trust), and various income tax returns seeking $13,690,341 from the IRS and $14,730, 365 from Minnesota, Arizona, Connecticut, and Colorado, by claiming fictitious "refunds" which

neither she nor her accomplices nor the entities in whose names the returns were submitted were entitled to.  These federal and state income tax returns contained various false and material assertions of fact, most notably that the IRS and state taxing agencies had withheld large amounts of income tax from the trusts purportedly filing the returns and that those trusts were entitled to large refunds. The IRS and state taxing agencies actually withheld nothing from those trusts and Marrell and her accomplices and the entities in whose names the returns were filed were not entitled to a refund. Before discovering the fraud, the IRS paid out $5,539,049 and the state agencies paid out $5,697,351 all based on Marrell's false claims. Marrell and her accomplices caused the disbursement of approximately $11,236,400 in fraudulent tax refunds.

On February 24, 2023, Marrell was sentenced to 48 months in the custody of the Bureau of Prisons (BOP) on Counts 1 and 2, and 6 months in the custody of BOP on Count 3 to be served consecutive to the sentences on Counts 1 and 2. (ECF No. 71, PageID.326). Marrell has an anticipated release date of October 6, 2026. She seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), raising claims

related to her family circumstances. But Marrell does not raise any claims which establish extraordinary and compelling reasons for release. Moreover, this Court balanced the § 3553(a) factors in her case earlier this year and   determined that her current sentence of imprisonment is appropriate. Marrell's motion for a reduction in that sentence should be denied.

## I.     Background

Marrell pleaded guilty to Counts 1, 2, and 3 of the Information pursuant to a Rule 11 plea agreement on January 11, 2023.In accordance with the Rule 11, the government recommended that the combined total term of incarceration not exceed the midpoint of Marrell's guideline range as determined by the court, (ECF No. 57, PageID 151). This Court sentenced Marrell to 48 months on Counts 1 and 2, and 6 months on Count 3 to be served consecutively to the sentence on Counts 1 and 2. (ECF No. 65, PageID.251).

### A. Request for Compassionate Release

Marrell is 43 years old and is currently serving her sentence at FCI Alderson. Marrell began serving her sentence on April 6, 2023. Accounting for good conduct time, Marrell has an anticipated release date of October 6, 2026. She has approximately 85 percent remaining of the sentence imposed, and approximately 80 percent remaining of the time she is anticipated to serve.

Marrell reports submitting a request for a reduction of sentence to the warden of her facility on September 27, 2023, five months after she started serving her 54-month sentence. Marrell claims that release is warranted to allow her to care for her 5-year old son. (ECF No. 78, PageID.418) The Bureau of Prisons has informed government counsel that her request is still being considered by the warden. Because more than 30-days have passed since Marrell filed her request, she has technically exhausted her administrative remedies.

## II.    The Court should deny Marrell's motion for compassionate release.

A district court has "no inherent authority . . . to modify an otherwise valid sentence." *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009). Rather, a district court's authority to modify a

defendant's sentence is "narrowly circumscribed." *United States v. Houston*, 529 F.3d 743, 753 n.2 (6th Cir. 2008). Absent a specific statutory exception, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Those statutory exceptions are narrow. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). Compassionate release under 18 U.S.C. § 3582(c)(1)(A) is equally narrow.

*First*, compassionate release requires exhaustion. If a defendant moves for compassionate release, the district court may not act on the motion unless the defendant files it "after" either completing the administrative process within the Bureau of Prisons or waiting 30 days from when the warden at his facility received the request. 18 U.S.C. § 3582(c)(1)(A); *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). And as the Sixth Circuit has held, this statutory exhaustion requirement is mandatory. *Alam*, 960 F.3d at 832–36.

*Second*, even if a defendant exhausts, she must show "extraordinary and compelling reasons" for release. 18 U.S.C. § 3582(c)(1)(A).

*Third*, even if a defendant is eligible for compassionate release, a district court may not grant the motion unless the factors in 18 U.S.C. § 3553(a) support release. 18 U.S.C. § 3582(c)(1)(A); *United States v. Ruffin*, 978 F.3d 1000, 1008–09 (6th Cir. 2020). Those factors require the district court to consider the defendant's history and characteristics, the seriousness of the offense, the need to promote respect for the law and provide just punishment for the offense, general and specific deterrence, and the protection of the public. 18 U.S.C. § 3553(a).

Here, it appears that Marrell has complied with § 3582(c)(1)(A)'s mandatory exhaustion requirement. But the warden at FCI Alderson is working on a response to her request. Even though Marrell appears to have properly exhausted, she fails to establish "extraordinary and compelling reasons" for release and fails to show that release is warranted under the § 3553(a) factors.

### A.    Marrell does not present extraordinary and compelling reasons for release.

In her motion, Marrell requests relief, asserting that she is the only available caregiver for her 5-year-old son because his current primary caregiver, her mother, is physically infirm, and her 20-year-old daughter is overwhelmed with the added responsibilities of her nephew

- 6 -

and her grandmother. (ECF No. 78, PageID.418) That claim falls short of establishing extraordinary and compelling reasons for early release.

As an initial matter, Marrell's  family circumstances were thoroughly reviewed during the presentence investigation and discussed at sentencing, (ECF 70, PageID.316-317), (ECF 76, PageID. 391-394). Marrell's childhood was uneventful, and her family support is strong. The Court even commented that Marrell's family support was touching. (ECF No. 76, PageID 394). At no point in the presentence report or at sentencing is childcare mentioned as an issue.

At the time the presentence report was filed Marrell's mother was employed and there was no mention that she had health issues. Marrell's father is retired and apparently in good health. Marrell has three siblings all of whom live in the greater metropolitan Detroit area and are close to her. (ECF No. 70, PageID.316). Marrell's father and older daughter now express concerns about taking care of Marrell's 5-year-old son and describe the stress that adds to their lives. (ECF No. 78, PageID 419-20). However, there is nothing unexpected or extraordinary and compelling about these circumstances. Marrell's

family is close and supportive of her, circumstances that are often lacking in the lives of similarly situated inmates. .

Furthermore, Marrell has provided very little evidence substantiating her claims regarding her mother's inability to take care of her son. It appears that her mother went to an emergency room and was diagnosis with a sodium deficiency and vertigo, both treatable conditions. She has also provided very little evidence demonstrating that even assuming those claims about her mother are true, there is no other available caregiver. And from the record presented at sentencing, it appears that Marrell has a close-knit family who could assist with caring for her son—such as her siblings who reside in the area.

Marrell's circumstances do not present extraordinary and compelling reasons for release—"district courts continue to routinely den[y] motions for compassionate release when the defendants cannot show that they would be the only available caregiver of a minor child, even if their incarceration imposes substantial burdens on a spouse or co-parent to a minor child." *United States v. Gibson*, No. 11-20551, 2021 WL 2549682, at *4 (E.D. Mich. June 22, 2021) (Cleland, J.) (substitution in original; internal quotation marks and citation omitted; collecting

- 8 -

cases); *see also, e.g., United States v. Harrington*, No. 1:15-CR-20597-1, 2021 WL 1812696, at *3 (E.D. Mich. May 6, 2021) (Parker, J.) (denying compassionate release when the defendant provided medical records showing that his wife had been diagnosed with a brain tumor, but failed to demonstrate that she was incapacitated or that he would be the only available caregiver for her and their minor son); *United States v. Rooks*, No. 21-CR-038, 2022 WL 267899, at *6 (E.D. Pa. Jan. 28, 2022), *aff'd sub nom. United States v. Rooks*, No. 22-1332, 2022 WL 2964805 (3d Cir. July 27, 2022) ("In relation to a motion for compassionate release grounded on the claim a defendant is the sole person available to provide care for their minor child, a defendant typically must establish that all other potential caregivers for their minor child are incapacitated. To prove incapacitation, a defendant must establish a person is 'completely disabled' or unable to 'carry on any self-care and [are] totally confined to a chair or bed.'") (citations omitted); *United States v. Richardson*, No. 5:18-CR-507-LFL, 2020 WL 2200853, at *2 (E.D.N.C. May 6, 2020) ("Although defendant alleges his mother can no longer care for his daughter due to her medical issues, there is no evidence submitted directly from defendants mother or other

records supporting these assertions. Defendant also fails to explain why he is the only available caregiver for the child in these circumstances. The court declines to grant compassionate release in the absence of a robust evidentiary showing that defendant is the only available caregiver.").

### B.   The § 3553(a) factors weigh against compassionate release.

Even if Marrell were able to establish "extraordinary and compelling reasons" for release (which she has not), the Court must still consider the factors set forth in 18 U.S.C. § 3553(a) and determine that release is appropriate before relief can be granted. 18 U.S.C. § 3582(c)(1)(A). A defendant's failure to establish that the § 3553(a) factors support relief is an independent basis for denying compassionate release. *United States v. Ruffin*, 978 F.3d 1000, 1008–09 (6th Cir. 2020); *accord United States v. Austin*, 825 F. App'x 324, 325–27 (6th Cir. 2020) (upholding a district court's denial of compassionate release based on the § 3553(a) factors); *United States v. Kincaid*, 802 F. App'x 187, 188–89 (6th Cir. 2020) (same).

This Court considered the § 3553(a) factors when sentencing Marrell last year, and its "initial balancing of the § 3553(a) factors

- 10 -

during [the defendant's] sentencing" is presumed to "remain[] an accurate assessment as to whether those factors justify a sentence reduction." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021). Marrell must therefore "make a compelling case as to why the [] court's § 3553(a) analysis would be different if conducted today." *Id.* Here, even if the Court were to find that Marrell established extraordinary and compelling reasons for her release, the § 3553(a) factors should still disqualify her.

Marrell's long remaining sentence weighs heavily against release. The Sixth Circuit has repeatedly upheld the denial of compassionate release under § 3553(a) when a defendant has a long remaining sentence. *Ruffin*, 978 F.3d at 1008; *accord Kincaid*, 802 F. App'x at 188–89; *Austin*, 825 F. App'x at 326; *see also United States v. Kincaid*, 805 F. App'x 394, 395–96 (6th Cir. 2020) ("[W]e don't think [the defendant] raises a close question."). This is because the original sentence already reflects the district court's evaluation of "the need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law" under § 3553(a). *Kincaid*, 802 F. App'x at 188; *accord Ruffin*, 978 F.3d at 1008. The plain language of the

compassionate-release statute makes the point even more directly: it requires that the defendant's reasons for release "warrant such a reduction" in his sentence. 18 U.S.C. § 3582(c)(1)(A)(i). That inquiry depends, at least in part, on the length of time remaining on the defendant's sentence, requiring him to justify the magnitude of his requested sentence reduction. *Id.* So a defendant with significant time left on their sentence, like Marrell, must show that their reasons for release are so powerful that they "warrant" a "reduction" of that size. *Id.*

In addition, Marrell committed a serious offense involving fraud losses of over $8.5 million. (ECF 70, PAgeID.312). And while on federal supervision, she stopped reporting to pretrial services and failed to appear for her first scheduled plea hearing. (ECF 70, PAgeID.313). Which shows her to be a flight risk.

Marrell fails to demonstrate how release now, having served only 8 months of her 54 month sentence, would reflect the seriousness of the offense, promote respect for the law, or provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A). These factors, when considered with her risk of flight, weigh strongly against release. *See United States v. Cole*, No. 18-

20237, 2021 WL 194194, at *3 (E.D. Mich. Jan. 20, 2021) (Goldsmith, J.)
(denying compassionate release even when the defendant "present[ed] a
strong case as to why his family circumstances could warrant
compassionate release" because the § 3553(a) weighed against release
and stating "[t]he hardship to Cole's family that may result is
unfortunate, but not unusual. A crime often inflicts harm, not only on a
direct victim, but on those in a defendant's circle of family and friends
who depend on that defendant for all manner of support. Often, a
defendant's family's needs can be met through other family members,
neighbors, faith groups, community organizations and government
agencies.")

## III.   Conclusion

Upon consideration of all pertinent factors, Marrell's motion for
compassionate release should be denied.

Respectfully submitted,

DAWN N. ISON
United States Attorney

s/ *Karen L. Reynolds*
Karen L. Reynolds
Assistant U.S. Attorney

211 West Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9589
karen.reynolds@usdoj.gov

Dated: December 13, 2023

## Certificate of Service

I certify that on December 13, 2023, 2022, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Michigan using the ECF system, which will send notification of the filing to all users of record.

I further certify that I have mailed by U.S. mail, or otherwise provided to a representative with the United States Bureau of Prisons, the paper to the following non-ECF participants:

s/ *Karen L. Reynolds*
Assistant U.S. Attorney