UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case No. 22-cr-20419
        Honorable Linda V. Parker

SAMEERAH MARRELL,

        Defendant.
_____/

**OPINION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE (ECF NO. 78)**

Defendant Sameerah Marrell ("Ms. Marrell") is currently serving a term of imprisonment of fifty-four months in the Bureau of Prisons after pleading guilty to Mail Fraud, Wire Fraud, and Committing an Offense While on Bond in violation of 18 U.S.C. §§ 1341, 1343, and 3147. (*See* ECF No. 57.) Presently before the Court is Ms. Marrell's motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c). (*See* ECF No. 78.) The motion has been fully briefed. (*See* ECF Nos. 78, 81.) For the reasons stated hereafter, Ms. Marrell's motion will be denied without prejudice because she fails to demonstrate an "extraordinary and compelling reason for release," as required under § 3582(c)(1)(A)(i).

## Applicable Law

A defendant may move for compassionate release under § 3582(c)(1)(A) only after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A) (alteration added). Because this first step is a "mandatory claim-processing rule," it remains obligatory for a defendant to truly exhaust all statutory remedies before the court has discretion to consider compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020) (denying defendant's motion for compassionate release after he failed to wait the requisite thirty days before filing his motion).

If exhaustion is established, however, courts may proceed by following the statute's three-step test. *See United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020). Under the statute, a court may reduce a defendant's term of imprisonment if it finds (1) "extraordinary and compelling reasons warrant such a reduction;" (2) the reduction aligns with "applicable policy statements issued by the Sentencing Commission;" and (3) the factors set forth in 18 U.S.C. § 3553(a) support release. *United States v. Ruffin*, 978 F.3d 1000, 1004-05 (6th Cir. 2020) (quoting § 3582(c)(1)(A)). The second requirement is omitted where an incarcerated individual, as opposed to the Bureau of Prisons, files a compassionate-release

motion. *Jones*, 980 F.3d at 1108, 1111; *see also United States v. Owens*, 996 F.3d 755, 759 n.2 (6th Cir. 2021).

It is well established that district courts need not address all three requirements if any are lacking. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Moreover, the defendant bears the burden of proving that "extraordinary and compelling reasons" exist to justify release under the statute. *United States v. Rodriguez*, 896 F.2d 1031, 1033 (6th Cir. 1990) ("The burden of proof is ordinarily placed upon the party who benefits from the establishment of a fact.").

## Analysis

In this case, Ms. Marrell presents evidence to show that she satisfied the exhaustion requirement. (*See* ECF No. 78 at PageID. 417-18.) The Government concedes that Ms. Marrell has properly exhausted the mandatory administrative remedies set forth in 18 U.S.C. § 3582(c)(1)(A). (*See* ECF No. 81 at PageID. 434.) She nevertheless fails to show that she is entitled to compassionate release.

In support of her motion, Ms. Marrell cites several reasons as constituting extraordinary and compelling circumstances warranting her early release: (1) the incapacity of her mother who is the primary caregiver and grandmother to Ms. Marrell's five-year-old son; (2) the lack of available family members to care for Ms. Marrell's son; and (3) Ms. Marrell's rehabilitation. (*See* ECF No. 78 at

PageID. 417-18.) In response, the Government maintains that Ms. Marrell's circumstances are not extraordinary or compelling because Ms. Marrell is not the only available caregiver for her son. (*See* ECF No. 81 at PageID. 434.) Additionally, the Government argues that the § 3553(a) factors weigh against compassionate release because Ms. Marrell has a "long remaining sentence" and "committed a serious offense involving fraud losses of over $8.5 million." (*Id.* at PageID. 439-40.) Ultimately, Ms. Marrell fails to satisfy her burden because the evidence she provides falls short of extraordinary and compelling reasons for early release.

Ms. Marrell claims that her mother's health has declined rapidly since Ms. Marrell's sentencing on January 11, 2023, rendering her incapable of caring for Ms. Marrell's five-year-old son. (*See* ECF No. 78 at PageID. 417.) Specifically, in Ms. Marrell's letter to the warden, she alleges that her mother has "lost all mobility in her legs," suffers from "early onset of dementia," and was officially diagnosed with vertigo and sodium deficiency. (*Id.*) While Ms. Marrell provides a medical record of her mother's emergency room visit from October 15, 2023, this documentation shows only the diagnosis of vertigo and sodium deficiency and fails to support any assertion of incapacitation, lack of mobility, or even dementia. (*See id.* at PageID. 421.) The discharge instructions merely advise Ms. Marrell's mother to contact her primary doctor and follow up accordingly. (*Id.*) Although

4

circumstances may have changed since Ms. Marrell's sentencing, Ms. Marrell presents no evidence supporting her claim that her mother suffers from dementia— much less a moderate or severe form—or any other condition that renders her incapacitated or infirm. Because the documentation provided fails to support her representations, the Court certainly cannot conclude from the record that Ms. Marrell's mother is incapacitated.

Furthermore, as the Government argues, Ms. Marrell fails to show that there is no other available caregiver for Ms. Marrell's minor son even if her mother is incapacitated. In cases where a defendant files a motion for compassionate release "grounded on the claim a defendant is the sole person available to provide care for their minor child, a defendant typically must establish that all potential caregivers for their minor child are incapacitated." *United States v. Rooks*, No. 21-cr-038, 2022 WL 267899, at *6 (E.D. Pa. Jan. 28., 2022); *see also United States v. McKenzie*, 636 F. Supp. 3d 892, 897 (E.D. Tenn. 2022) (holding that a defendant "must demonstrate, with evidence, that (1) his son's caregiver is incapacitated and (2) he would be the only available caregiver for his son."). For a motion for compassionate release, "incapacitation means the family member caregiver suffered a severe injury (e.g., auto accident) or suffers a severe illness (e.g., cancer) that renders the caregiver incapable of caring for the child." *United States. v. Lemon*, No. 4:16-cr-0239, 2021 WL 1060142, at *2 (N.D. Ohio Mar. 18, 2021)

(quoting Federal Bureau of Prisons, Program Statement 5050.50, Compassionate Release/Reduction in Sentence, at 7 (2019)); *see also United States v. Collins*, No. 15-10188-EFM, 2020 WL 136859, at *4 (D. Kan. Jan. 13, 2020) ("Information and documentation must be provided showing the incapacitation of the caregiver, that the caregiver is the only family member capable of caring for the child, verifiable documentation that the inmate is the parent of the child, verifiable documentation provided name and age of the child, and a release plan.").

Here, Ms. Marrell claims that her "adult daughter is not mentally nor financially capable of caring for [her] son full time" and "is very overwhelmed." (*Id.* at PageID. 417-18 (alteration added).)  Additionally, Ms. Marrell states that because her father "has a strenuous work schedule" and "travels internationally," he lacks the time and ability to care for Ms. Marrell's son. (ECF No. 78 at PageID. 418.)  In his letter to the Court, her father explains that he cannot raise his grandson because he is "over encumbered with many good things" and already "working with a 16 year-old granddaughter in the house." (ECF No. 78 at PageID. 419.)  However, Ms. Marrell provides insufficient details to conclude that these circumstances render each party incapacitated or incapable of acting as her son's caregiver.  For instance, Ms. Marrell fails to provide documentation verifying her father's work schedule or the duration of his travels throughout the year.  Likewise, other than listing her daughter's conditions, Ms. Marrell does not provide any

6

documentation showing her daughter's mental incapacitation or inability to care for Ms. Marrell's son. Currently, there is inadequate information to show that extraordinary and compelling reasons exist to justify early release.

In any event, the Government reminds the Court of Ms. Marrell's other family members who "could assist with caring for her son." (ECF No. 81 at PageID. 436.) As provided in the Presentence Investigation Report, Ms. Marrell has three siblings all of whom reside in the greater metropolitan Detroit area and are close to her. (ECF No. 70 at PageID. 316.) Accordingly, the Presentence Investigation Report refutes Ms. Marrell's contention that Ms. Marrell is the only available caregiver for her son. *See United States v. Gibson*, No. 11-20551, 2021 WL 2549682, at * 4 (E.D. Mich. June 22, 2021) (quoting *United States v. Cole*, No. 18-20237, 2021 WL 194194, at *2 (E.D. Mich. Jan. 20, 2021)) ("[D]istrict courts continue to 'routinely den[y] motions for compassionate release when the defendants cannot show that they would be the only available caregiver of a minor child.' ") (first alteration added, second alteration in original); *see also United States v. Harrington*, No. 1:15-cr-20597-1, 2021 WL 1812696, at *3 (E.D. Mich. May 6, 2021) (denying compassionate release when the defendant provided medical records showing that his wife had been diagnosed with a brain tumor, but failed to demonstrate that she was incapacitated or that defendant would be the only available caregiver for her and their minor son). Based on the foregoing, Ms.

Marrell has not demonstrated that she is the only available caregiver to her minor son.

Lastly, in her letter to the warden, Ms. Marrell asserts that she is remorseful for her crimes and has worked to rehabilitate herself through therapy, work, and educational programs. (*See* ECF No. 78 at PageID. 417.) The record reflects that since entering custody, Ms. Marrell has obtained her GED as well as various forms of correctional programming. (*See* ECF No. 70 at PageID. 317.) While the Court commends Ms. Marrell's efforts and encourages her to continue attending classes and her other rehabilitation efforts, "Congress has made clear that rehabilitation 'alone' does not provide a proper basis for relief." *Ruffin*, 978 F.3d at 1009; *see also* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."). Moreover, without minimizing her accomplishments, Ms. Marrell has not shown that her rehabilitation is so "extraordinary and compelling" as to justify the sentence reduction sought here. Indeed, at the time of filing her motion, Ms. Marrell had served only a fraction of her fifty-four-month term of imprisonment. Accordingly, she has not shown that her rehabilitation constitutes an extraordinary and compelling reason for release.

**Conclusion**

For the foregoing reasons, the Court is not convinced that extraordinary and compelling reasons exist to grant Ms. Marrell's request for compassionate release pursuant to § 3582(c)(1)(A). Accordingly, the Court finds it unnecessary to analyze whether the § 3553(a) factors also support relief. *Jones*, 980 F.3d at 1106 (Cook, J., concurring) (quoting *BellSouth Telecomms., Inc. v. Farris*, 542 F.3d 499, 505 (6th Cir. 2008)) (additional citation omitted) ("If it is not necessary to decide more, it is necessary not to decide more.").

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Compassionate Release (ECF No. 78) is **DENIED WITHOUT PREJUDICE**. Defendant may renew her motion if she is able to provide information demonstrating she is the only caregiver to care for her son.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: July 1, 2024

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 1, 2024, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager