UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                                   Case No. 22-cr-20419

           Plaintiff,               Honorable Linda V. Parker

v.

SAMEERAH MARRELL,

          Defendant,

_____/

**OPINION AND ORDER DENYING DEFENDANT'S REQUEST FOR EARLY TERMINATION OF SUPERVISED RELEASE (ECF NO. 86)**

Defendant Sameerah Marrell filed a Motion for Early Termination of Supervised Release on March 30, 2026.  On February 24, 2023, Defendant was sentenced to 54 months of incarceration followed by a 3-year term of supervised release after pleading guilty to Mail Fraud in violation of 18 U.S.C. § 1341, wire fraud in violation of 18 U.S.C § 1343, and committing an offense while on bond in violation of 18 U.S.C. § 1347.  Defendant commenced her term of supervised release on March 26, 2025, in the Southern District of Texas, Houston Division.  She has now served close to fourteen months of her three-year term.  Neither the Government nor Probation Department have weighed in on Defendant's request for early termination.

Pursuant to 18 U.S.C. § 3583(e)(1), a district court, after considering a subset of sentencing factors set forth in § 3553(a), has the discretion to terminate a term of supervised release after the defendant's completion of one year of his or her supervised release term.  The relevant § 3553(a) factors are: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed education or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established from the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.  *See* 18 U.S.C. § 3583(e) (citing 18 U.S.C. § 3553(a)(1), (2)(B)-(D) & (4)-(7)).

The statute instructs that early termination of supervised release should occur only when the defendant's conduct and the interests of justice warrant such action.  *Id.*

Defendant asserts that her supervised release should be terminated early in light of her compliance with the terms of probation, her efforts at rehabilitation, and her commitment to remaining a productive and law-abiding citizen.  (*See* ECF

2

No. 86 at PageID.466-467.)  While the Probation Department has deferred to the Court on Defendant's request, it has nonetheless noted, *inter alia,* that there have not been any known instances of noncompliance, employment has been maintained since July 16, 2025, successful completion of mental health treatment, and Defendant's negative results for any illicit substances and alcohol.  Notably, Defendant has made monthly payments of $200.00 as of July 15, 2025.  There remains an outstanding restitution balance of $7,979,357.08.

After consideration of the relevant sentencing factors, the Court is not convinced that circumstances exist to warrant early termination of Defendant's supervised release term.   Defendant is complying with the rules governing her release, which is what is expected.  *See United States v. Laine*, 404 F. App'x 571, 574 (3d Cir.2010) (Simple compliance with the conditions of supervised release are expected and not exceptional.").

Defendant has served close to fourteen months of her three-year term of supervised release.  Defendant has a telephone reporting requirement which is not alleged to be burdensome or a significant impediment to her employment.  Moreover, the Court reminds Defendant of the seriousness of her crimes as well as the fact that she violated her bond conditions prior to sentencing.  The term of supervised release is in fact a part of the sentence that the Court rendered.  The Court set the term of supervised release with the recognition that there is a need to

3

afford adequate deterrence to criminal conduct and to protect the public from further crimes by Defendant.  18 U.S.C. § 3553(a)(2).  Given the nature and circumstances of the offense, the Court believes that the Defendant will benefit from continued supervision particularly given Defendant's substantial restitution obligation.

The Court encourages Defendant's continued compliance and is denying her motion without prejudice as it is willing to revisit a renewed motion for early termination of supervised release after Defendant completes more of the imposed term.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Early Termination of Supervised Release pursuant to 18 U.S.C. § 3583(e) is **DENIED WITHOUT PREJUDICE**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 20, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 20, 2026, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager

4